UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,                   CASE NO. 14-13436

         v.                            HON. GEORGE CARAM STEEH

EDWARD J. DAVIS JR.,

               Defendant.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, United States of America, brought a complaint against defendant Edward J. Davis, Jr., on September 4, 2014. Plaintiff alleges failure to pay indebtedness arising from two federally-guaranteed student loans.  The matter is before the court on plaintiff's motion for summary judgment.  The court heard oral arguments on the motion on June 29, 2015. For the reasons stated below, plaintiff's motion for summary judgment shall be GRANTED.

### I.  FACTUAL BACKGROUND

This case involves an action to collect the balance due on two federally guaranteed student loans. Defendant executed two promissory notes on April 25, 1989 to secure loans in the principal amount of $2,625.00 (Pl.'s Ex. A) and $3,193.00 (Pl.'s Ex. B), to attend MTA School in Garret, Indiana. The loans collected interest at a rate of 8% and 6.79% respectively per annum under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965. At the date of filing the current lawsuit,

plaintiff alleges that the outstanding balance arising from both loans totaled $18,020.84. Plaintiff alleges that the defendant defaulted on the loan attached to plaintiff's brief as Exhibit A on July 19, 1990 and defaulted on the loan attached as Exhibit B on August 7, 1989.

On September 4, 2014, plaintiff filed the current lawsuit to collect the amount due under the promissory notes. Defendant answered the complaint, denying that he signed the promissory notes and that the promissory notes are non-existent or illegible. The defendant further puts forward that the amounts claimed as due and owed to the plaintiff are inconsistent with the amount taken out as a loan by the defendant. The defendant did not deny that he attended MTA School during the same period of time in which the loan was disbursed. Further, defendant admitted to signing the promissory notes and not making payments. Defendant maintains that he never received demands for payment.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  See *Redding v. St. Edward*, 241 F.3d 530, 532 (6th Cir. 2001).  The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice.  The procedure is not a disfavored procedural shortcut.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also National Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial."  *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).  Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party.  *Anderson*, 477 U.S. at 252.  Rather, there must be evidence on which a jury could reasonably find for the non-movant.  *McLean*, 224 F.3d at 800 (citing *Anderson*, 477 U.S. at 252).

### III.  ANALYSIS

Summary judgment is proper because there is no genuine issue of material fact. First, the defendant brings forth no relevant evidence that the certificates of indebtedness are not properly made or properly authenticated affidavits that establish a prima facie case. Second, the defendant fails to raise a genuine issue of material fact as to the plaintiff's prima facie case.

### 1.  Plaintiff's Certificates of Indebtedness are Proper Affidavits

Defendant maintains that the certificates of indebtedness are insufficient to establish a prima facie case because the certificates of indebtedness are neither properly made nor properly authenticated affidavits and that the certificates of indebtedness are "robo-signed." The defendant is incorrect. The certificates of indebtedness are properly made and are properly authenticated affidavit equivalents that may be used to satisfy the required elements for recovery on a promissory note. Documents made under penalty of perjury may be submitted in lieu of affidavits in federal court. 28 U.S.C. § 1746; *United States v. Davis*, 28 F. App'x. 502 (6th Cir. 2002). In *Davis*, the court held that a certificate of indebtedness filed by the Department of Education and testimony of a loan analyst who certified under penalty of perjury that borrower had defaulted on a student loan, established a prima facie case that the government was entitled to collect on the promissory note.  *Id.* at 503.

Additionally, the affidavit from U.S. Department of Education (DOE) Loan Analyst Laura Bevan lends further credence to the authenticity of the original certificate of indebtedness. Defects in original certificates of indebtedness can be cured by supplemental affidavits. *United States v. Lawrence*, 276 F.3d 193, (5th Cir. 2001); *see*

*also Stark v. Kent Products, Inc.*, 62 Mich. App. 548, 556 (1975) (If there is any difference in opinion as to the terms of a contract it can be reduced to certainty by the testimony of people familiar with the trade).  In *Lawrence*, the defendant challenged the legitimacy of a certificate of authenticity on the grounds that the certificates were not based on personal knowledge and constituted "conclusory hearsay statements." 276 F.3d at 196. The court further held that, be*c*ause the records were maintained in accordance with DOE procedures, an affidavit from a DOE official in custody and control of the student loan records is admissible. *Id.*

Here, similar to *Davis*, the certificates of indebtedness were certified under penalty of perjury by a loan representative from the Department of Education. The signatures are present and dated on each certificate of indebtedness. That the name of the signatory is unknown can be cured by the affidavit of Bevan. Similar to the situation in *Lawrence*, Bevan is a U.S. Department of Education Loan Analyst who is familiar with and conducts student loan business. Defendants have not objected to the court considering the affidavit from Bevan. In the affidavit, Bevan confirms the validity and accuracy of the certificates of indebtedness stating "The certificates of indebtedness have been and remain true and accurate records." (Bevan Aff. p. 2). Therefore, the certificates of indebtedness are to be considered valid affidavits that plaintiff can use to establish a prima facie case.

Defendant, however, further objects to the validity of the certificates of indebtedness on the grounds that the loan analyst signatures on both documents are identical and were thus signed using a machine or stamp. The defendant's argument lacks merit. While all of the evidence in a motion for summary judgment is to be looked

at in the light most favorable to the non-moving party, when factual evidence is so overwhelmingly in support of one inference over another, the court can choose the more plausible option when deciding if is a material issue of fact for summary judgment purposes. *Anderson,* 477 U.S. at 252. One glance at the two signatures in question is all that is needed to come to the conclusion that the signatures were hand signed on different occasions. The first letter of the signature on the Exhibit A loan has a significantly larger loop than the signature on the Exhibit B loan. The entire signature contains slight to significant differences when compared side by side. It can only be reasonably concluded that both signatures were signed by a human hand and not electronically.  Therefore, the certificates of indebtedness are valid and can be used to establish a prima facie case.

### 2.  Documents on File Establish an Unrefuted Prima Facie Case

To recover on a promissory note, the government must first make a prima facie showing that (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default. *United States. v. Petroff-Kline*, 557 F.3d 285, 290 (6th Cir. 2009). Plaintiff contends that the certificates of indebtedness and the promissory notes establish all three elements without any issue of material fact. Defendant, however, contends that the prima facie case is not established because the promissory note is an illegible photocopy and therefore ambiguous. Defendant's argument is unpersuasive; the plaintiff's prima facie case is established by the documents on file and the defendant has failed to present any genuine issue of material fact.

First, the defendant signed the promissory notes. Defendant admitted that he signed the promissory notes. (Davis Interrog., paragraph 4). Not only did the defendant admit to it by failing to respond to the interrogatory within 30 days pursuant to Federal Rule of Civil Procedure 36(a)(3), but also expressly admitted that he signed it in his interrogatory. Therefore, the court need not address the issue of automatic admission due to the defendant's failure to timely answer requests for admission. The express signature is enough to substantiate the signature element.

Second, the government is the present owner or holder of the loan. The promissory notes and certificates of indebtedness clearly establish that the United States is the holder of the loan. (Pl.'s Ex. C; Pl.'s Ex. D). Nothing in the record disputes this contention; the defendant's signature is clear and consistent.

Third, the defendant defaulted on both loans. Defendant contends that the contract is illegible due to an affixed note on the back of one of the pages. The terms and conditions covered by the note are hidden. That the terms are hidden by the note, however, does not exempt the defendant from performing on the promissory note nor preclude summary judgment. *United States v. McCain,* No. 06-13830, 2007 WL 4557700 (E.D. Mich. Dec. 20, 2007). In *McCain*, the student loan promissory note had a label affixed to the back yet the court still granted summary judgment in favor of the government, determining the defendant remained liable for the terms agreed upon. *Id.* at *4. It is well established law that "one who signs a contract will not be heard to say, when enforcement is sought, that he did not read it, or he supposed it was different in its terms." *Stark v. Kent Products, Inc.*, 233 N.W.2d 643, 645 (Mich. 1975). In *Stark*, the court held that, objectively, the employer understood what he was signing when he

signed it and thus must be held accountable for the contract. *Id.* at 548. Additionally, because the terms of the contract were not changed, the defendant is held to the terms agreed upon. *Royal Ins. Co. of Am. v. Orient Overseas Container Line LTD*, 525 F.3d 409, 421 (6th Cir., 2008). In *Royal Insurance*, the court held that summary judgment was not proper because a shipper *added* illegible terms to boilerplate language *after* the signing. *Id.*

Here, the defendant has admitted to signing the promissory notes and thus must be expected to pay the amount agreed upon.  As mentioned *supra*, the promissory note was signed by the defendant. Therefore, similar to *McCain* and *Stark*, the defendant cannot claim that the terms were not what he expected or agreed to. He is held to have understood what he was signing and is expected to fulfill his obligations. Further, the contract in the current case has not been changed since it was signed by the defendant. Defendant fails to bring forward specific facts showing there is a need for trial.  The defendant's use of *Royal Insurance* to support the notion that the note on the back creates ambiguity is unpersuasive.  Here, in contrast to *Royal Insurance*, the contract was not changed after it was signed.  Therefore, the terms are exactly as originally agreed upon, only obscured by the affixed note. Summary judgment is therefore permissible as the defendant has failed to show that there is or was any ambiguity in the terms of the contract when it was signed.  The plaintiff has established all three elements of their prima facie case and the defendant has failed to raise a genuine issue of material fact on any element.

## IV.  CONCLUSION

For the reasons stated above, plaintiff's motion for summary judgment (Doc. 10)

is GRANTED.

IT IS SO ORDERED.

Dated:  July 28, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 28, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk